**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

VS        **4:05-CR-00289-BRW**
          **4:16-CV-00034-BRW**

**BRYANT KEITH BURNAM**

## ORDER

Defendant's Motion to Vacate, Set Aside, or Correct Sentence based on *United States v. Johnson*[1] (Doc. No. 59) is DENIED for the same reasons set out in the July 27, 2015 Order.[2]

First, this is a successive habeas petition. All successive § 2255 motions must be certified by the appropriate court of appeals before they are considered by this Court. Because Defendant did not obtain certification from the Eighth Circuit Court of Appeals, his petition must be dismissed for lack of jurisdiction.[3]

Second, assuming, without deciding, that *Johnson* is retroactive, the ruling would not affect this case. Under the Armed Career Criminal Act ("ACCA") a defendant receives an increased sentence if he had three separate, previous convictions for "a violent felony or a serious drug offense, or both . . . ."[4] "Violent felony" was defined, in part, as a felony that:

(i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[1] 135 S. Ct. 2551 (2015).

[2] Doc. No. 57.

[3] *Boykin v. U.S.*, 242 F.3d 373 (8th Cir. 2000).

[4] 18 U.S.C. § 924(e)(1).

    (ii)       is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[5]

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause."  In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and violated due process.  However, the Court noted that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."[6]  In other words, the subsection defining physical force and the "enumerated offenses" of burglary, arson, extortion, and use of explosives are not affected by the ruling. [7]

Defendant has five prior convictions for serious drug offenses.  These convictions do not fall under the "residual clause" found unconstitutional in *Johnson*.  Accordingly, Defendant's sentence is unaffected by the ruling in *United States v. Johnson.*

IT IS SO ORDERED this 25th day of January, 2016.

                                                            /s/ Billy Roy Wilson
                                                            UNITED STATES DISTRICT JUDGE

---

[5] 18 U.S.C. § 924(e)(2)(B).

[6] 135 S. Ct. at 2563.

[7] 18 U.S.C. § 924(e)(2)(B)(ii).